United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2006

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

———————

m 06-60295
Summary Calendar

———————

SHELTER INSURANCE COMPANIES; RICKIE CHADWICK; SANDRA CHADWICK,

Plaintiffs-Appellants,

VERSUS

FORD MOTOR COMPANY,

Defendant-Appellee.

———————

Appeal from the United States District Court
for the Northern District of Mississippi
m 2:03-CV-150

———————

Before SMITH, WIENER, and OWEN,
Circuit Judges.

PER CURIAM:[*]

Plaintiffs Shelter Insurance Company and Rickie and Sandra Chadwick appeal the exclusion of the expert testimony of Stephen Miller based on FED. R. EVID. 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and the district court's decision to exclude the testimony without conducting an *in limine* hearing. Finding no abuse of discretion, we affirm.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

A fire destroyed much of the Chadwicks' house and their cars, including a 1993 Lincoln Town Car. Plaintiffs claim the fire originated in the engine compartment of the Town Car, which was manufactured by defendant Ford Motor Company ("Ford"). The fire was started, plaintiffs allege, by a malfunction in the Town Car's speed control deactivation switch.

Plaintiffs cite Ford's recall of all Town Cars produced between November 4, 1991, and November 30, 1992, at the Wixon assembly plant for a probable defect in the speed control deactivation switch that could cause fires while the vehicle was not being used. The Chadwicks' Town Car was built ten days after the recall period, but plaintiffs contend that the recall dates were chosen at random by Ford. Five claims are asserted: product liability, *res ipsa loquitur*, negligence, breach of implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose.

The plaintiffs designated a fire cause and origin expert who opined that the fire started in the general vicinity of the Town Car. They then designated Miller as an expert regarding the specific cause and origin of the fire and the allegedly defective nature of the speed control deactivation switch; Miller stated that the fire started at the Town Car's switch and that the switch was defective.

The court found that Miller based his opinion on only two premises. First, Ford recalled some Town Cars with defective switches. Second, Ford and others have designed speed control deactivation switches that do not cause fires. The court found that Miller was qualified to provide expert testimony on whether the switch was defectively designed but that,

under rule 702 and *Daubert*, Miller was not qualified to render an expert opinion on whether the Town Car's switch caused the fire.

Miller had a great deal of experience as an automotive technician, inspector, and instructor and had investigated approximately 190 fires. But the court found that such training and experience qualified him to opine only about *potential* causes of automobile fires based on the mechanical and electrical systems of the car. He did not have sufficient knowledge, skill, experience, training, or education in fire science to render an expert opinion on the *actual* causes of automobile fires. The holding was based on Miller's admissions that he had no training or experience in fire science.

After Miller's testimony concerning the fire's origin was excluded, the court granted summary judgment for Ford. It found that the plaintiffs' case required a showing that, with a reasonable scientific certainty, the Town Car's speed control deactivation switch caused the fire and that without Miller's testimony they could not establish that fact. The plaintiffs raise two issues on appeal: first, whether Miller's testimony was improperly excluded; and second, whether the court should have held an *in limine* hearing before excluding the evidence.

## II.

The admissibility of expert testimony is governed by rule 702, which requires courts to ensure that expert testimony "rests on a reliable foundation." *Daubert*, 509 U.S. at 597. Admissibility "is governed by the same rules, whether at trial or on summary judgment." *First United Fin. Corp. v. U.S. Fid. & Guar. Co.*, 96 F.3d 135, 136-37 (5th Cir.1996). Under *Daubert*, district courts act as gatekeepers

and ensure that expert testimony is sufficiently reliable before it is admitted. In this role, the court "must make a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Burleson v. Tex. Dep't of Crim. Justice*, 393 F.3d 577, 583-84 (5th Cir. 2004) (internal quotations omitted).

We review the exclusion of expert testimony under *Daubert* for abuse of discretion. *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). "Because a district court has broad discretion in deciding the admissibility *vel non* of expert testimony, we will not find error unless the ruling is *manifestly erroneous.*" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141-42 (1997)).

III.

The district court did not abuse its discretion. To survive summary judgment, plaintiffs had to demonstrate that the fire was caused by the Town Car's defective switch and, correspondingly, that the fire originated at the switch. The only testimony offered to prove this fact was Miller's expert opinion.

The court correctly found that Miller possesses impressive credentials and experience in automotive mechanics and electrical systems. But it also correctly found that he was not qualified to opine about the precise cause of the fire and the area of the car in which it originated. The court's finding did not require complex reasoning, because Miller, in deposition, repeatedly testified to his lack of experience in fire science.

When asked about the interpretation of

burn patterns, Miller replied that if one wanted a "professional opinion," he would want to consult the plaintiffs' fire origin expert, because "I'm not really qualified to do it, butSSunfortunately, sometimes, we have to do things we're not qualified to do, and that'sSSif this vehicle wasn't inside a structure, oh, it would be so much simpler." Miller stated that "I don't have any fire science or anything like that." When asked whether his analysis on the burn patterns and origin of the fire was supported by professional literature, he replied,

No. Just basically what I've seen when you light a fire in the fireplace and things. I justSSfire moves to oxygen. And, again, that's my opinion. I don't have any expertise in this. That's just the way my layman'sSSI was just trying to explain what I thought I saw here. But, no, that may not even be accurate as far as I know. You'll have to ask a fire person about that.

When an expert witness honestly and forthrightly testifies that he is not qualified in a particular area, it is not an abuse of discretion for the court to find that the witness is unqualified, under *Daubert*, to provide an expert opinion in that area and to exclude such testimony. Therefore, the court did not abuse its discretion in deciding to exclude Miller's testimony about the fire's origin.

IV.

In regard to their contention that an *in limine* hearing was necessary, plaintiffs do not direct us to a single precedent from this court, and none of the opinions they cite from other courts is persuasive. One of those opinions succinctly states the law: "An *in limine* hearing will obviously not be required whenever a *Daubert* objection is raised to a proffer of expert evidence. Whether to hold one rests in

the sound discretion of the district court." *Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 418 (3d Cir. 1999). Here the issue was thoroughly briefed by both parties, and it was not an abuse of court's discretion to exclude the testimony without first holding an *in limine* hearing.

AFFIRMED.